S. SALOMAN *v.* P. B. JONES.

**Suit at Law—Motion to Transfer to Equity Docket—Waiver.**

Where a suit is brought on a note and the defense is made on the ground of mistake in its execution, the defendant should move to have the cause transferred to the equity docket.

**Waiver.**

Where a defense is made in a suit on a note, that there was a mistake in its execution, and the defendant fails to have the cause transferred to the equity docket, he waives his right to have the cause tried as an equity cause.

APPEAL FROM BOURBON CIRCUIT COURT.

October 8, 1874.

OPINION BY JUDGE LINDSAY:

Appellant defends the action upon the ground of mistake in the execution of the note sued on. The mistake and its character are sufficiently averred, and if the proof should support the plea, it will show that the note should have been so drawn as to bind The Kentucky Gas Carbonizing Company, and not the appellant, the manager of said company.

Even if appellant's defense be treated as equitable in its nature, it was not essential that at the time he filed his answer he should move to transfer the cause to the equity docket. If he had moved to do so, then the appellee might have required the bond provided for in Sec. 11, of the Civil Code. Failing to move to transfer, he loses the right to have the issue tried as in equitable proceedings. If neither party shall ask to have an equitable issue tried by the chancellor, the error as to the character of the proceeding is deemed to be waived, and the action must proceed to trial, under the rules governing ordinary actions.

Hence the failure of appellant to move to transfer to equity was no ground for demurrer. The answer presents a complete defense, and the questions of fact arising thereon must be determined by a jury.

Judgment *reversed* and cause remanded for a new trial upon principles not inconsistent with this opinion.

*Brent & McMillan, for appellant.*
*Thomas F. Hargis, for appellee.*